IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Thornton & Roshon Properties, Inc.,

    Plaintiff,

v.

Taylor Building Products, Inc., et al.,

    Defendants.

Case No: 2:13-cv-00309

Judge Graham

OPINION AND ORDER

Plaintiff Thornton & Roshon Properties, Inc. ("Thornton") brings this action against defendants Taylor Building Products, Inc. ("Taylor Building"), Chubb Group of Insurance Companies ("Chubb"), Great Northern Insurance Company ("Great Northern"), CNA Solution, Inc. ("CNA"), National Fire Insurance of Hartford ("National Fire") for breach of insurance contracts and a lease agreement relating to the Plaintiff's real property. This matter is before the court on the motion of National Fire to dismiss under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join necessary parties. National Fire argues that the necessary parties, if joined, would destroy this Court's diversity jurisdiction.

    I.    **Factual Allegations**

Plaintiff in this action is Thornton & Roshon Properties, Inc., an Ohio corporation based in Lancaster, Ohio and is the owner of commercial real property situated at 3010 Columbus-Lancaster Road, Lancaster, Ohio. A factory or plant is located on the property. Defendant Taylor Building is a Michigan corporation that has done business in the state of Ohio and was the lessee of the Plaintiff's real property. Defendant Chubb, a New Jersey corporation, and Defendant Great Northern, an Indiana corporation, provided property insurance to the Plaintiff's real property via an insurance policy with Taylor Building from December 1, 2010 through December 1, 2011. Defendant CNA, an Illinois corporation, provided property insurance to the

1

Plaintiff's real property via an insurance policy with Taylor Building from December 2, 2011 through August 31, 2012.  Defendant National Fire, an Illinois corporation, provided property insurance to the Plaintiff's real property via an insurance policy with Taylor Building from December 2, 2011 through August 31, 2012.

This action arises out of storm damage to Plaintiff's commercial building.  Plaintiff alleges that a series of severe storms in the winter of 2011 caused substantial damage to the building.  Great Northern had issued an insurance policy for the building for the period of December 1, 2010 to December 1, 2011.  Plaintiff was listed as a loss payee, and it made a claim based upon the damage from the severe storms.

The complaint further alleges that Taylor Building breached its lease for failing to return the property located at 3010 Columbus-Lancaster Road in as good condition as it was when it assumed the lease in September 2005.  Plaintiff alleges that the property lost more than $600,000 in value due to Taylor Building removing fixtures upon vacating the building, the damage done by the winter storms, and Taylor Building failing to pay more than $25,000 in real estate taxes it owed.

In addition to the policy with Great Northern, Taylor Building also had an insurance policy with Chubb from December 1, 2010 to December 1, 2011.  Taylor Building submitted a claim for the damage from the severe winter storm.  Rather than issue the check for that damage to the Plaintiff (the designated loss payee), both Chubb and Great Northern allegedly breached their duty by issuing the check for $63,000 to Defendant Taylor Building.

After its policy with Chubb and Great Northern ended on December 1, 2011, Taylor Building obtained a different insurance policy from CNA and National Fire for the period after December 1, 2011.  A windstorm in June 2012 caused additional severe damage to the roof of the building, which led to water leaking into the interior of the building.  The Plaintiff obtained estimates that indicated it would cost $750,000 to replace the roof.  CNA and National Fire, on the other hand, allegedly attempted to get the Plaintiff to agree to a $175,000 roof repair.  The Plaintiff refused to agree to such a condition.  Instead, the insurance companies allegedly issued a check to Taylor Building in the amount of $63,000.

On April 3, 2013, the Plaintiff filed this action with this Court. Plaintiff alleged seven counts against five defendants: Count I – breach of lease agreement against Taylor Building for failure to return the premises in the same condition as at the commencement of the lease; Count

II – conversion against Taylor Building for removal of fixtures from the real property belonging to Plaintiff; Count III – breach of insurance contract against Taylor Building, Chubb and Great Northern for failure to issue a check to the Plaintiff as the loss payee; Count IV – breach of insurance contract against Taylor Building, CNA and National Fire for coercing the Plaintiff into accepting a repair company and failure to issue a check to the Plaintiff as the loss payee; Count V – breach of insurance contract against CNA and/or National Fire for failure to timely provide insurance coverage resulting in additional damage to the building; Count VI – breach of insurance contract against CNA and/or National Fire for failure to provide insurance coverage on the building; and, Count VII – breach of lease agreement against Taylor Building for failure to pay real estate taxes on the property.  On May 21, 2013, Plaintiff and CNA entered into a stipulation of partial dismissal pursuant to Fed. R. Civ. P. 41(a).

## II.     Motion to Dismiss

### A.     Standard of Review

The district courts may exercise jurisdiction over an action between "citizens of different states" where the matter in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a)(1).  It is well settled that diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side.  See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).  When parties attempt to evade the complete diversity rule by failing to name persons or entities that have an interest in the litigation, Federal Rules of Civil Procedure 12(b)(7) and 19 address the problem by providing guidance on joinder of parties needed for proper adjudication.

Defendant National Fire has moved for dismissal under Fed. R. Civ. P. 12 (b) (7) for failure to properly join a required party under Rule 19.  Rule 19 provides:

> (a) Persons Required to Be Joined if Feasible.
>> (1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

3

>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
> (3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>> (2) the extent to which any prejudice could be lessened or avoided by:
>>> (A) protective provisions in the judgment;
>>> (B) shaping the relief; or
>>> (C) other measures;
>>
>> (3) whether a judgment rendered in the person's absence would be adequate; and
>> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.
>
> (c) Pleading the Reasons for Nonjoinder. When asserting a claim for relief, a party must state:
>> (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and
>> (2) the reasons for not joining that person.
>
> (d) Exception for Class Actions. This rule is subject to Rule 23.

Fed.R.Civ.P. 19.

Thus, a party that is required shall be joined unless joinder is not feasible. When determining whether a party is indispensable, and thus required, under Rule 19, the court must use a three-part test. Laethem Equipment Co. v. Deere & Co., 485 Fed.Appx 39, 43–44 (6th Cir. 2012) (citing Glancy v. Taubman Centers, Inc., 373 F.3d 656, 666 (6th Cir. 2004)). First, the court must determine whether the party is a necessary one under Rule 19(a). Laethem Equipement Co., 485 Fed.Appx. at 43. Second, if the court determines that the party is, indeed, necessary, the court must decide if the joinder of that party will deprive the court of subject matter jurisdiction. Id. at 43. And third, if joinder of the party is not feasible because it would eliminate the court's ability to hear the case, the court must analyze the factors outlined in Rule 19(b) to determine whether the court should—in equity and good conscience—dismiss the case because the absent party is indispensable. Id. at 43–44. Thus, a party is only required to be

joined under Rule 19 if "(1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." Id. at 44.

If the Court determines that a party is not "necessary" under Rule 19(a), "joinder, as well as further analysis, is unnecessary." Local 670, et. al. v. International Union, et. al., 822 F.2d 613, 618 (6th Cir. 1987). The initial burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a). Boles v. Greenville Housing Authority, 468 F.2d 476, 478 (6th Cir. 1972). When the moving party does not meet its burden, dismissal is not proper under Rule 19. Id.

### B. Analysis

In applying Rule 19, a party is necessary if one of two conditions is met: (1) in the party's absence, the court cannot accord complete relief among existing parties, Fed.R.Civ.P. 19(a)(1)(A); or, (2) if the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed.R.Civ.P. 19(a)(1)(B). Laethem Equipment Co., 485 Fed.Appx. at 44.

Thus, a party being necessary is based on either: (1) the court being unable to provide complete relief among existing parties without the absent party; or (2) the absent party claiming an interest in the action. Complete relief, for purposes of determining whether a party is necessary is determined as "between persons already parties, 'and not as between a party and the absent person who joinder is sought.'" Id. (quoting School Dist. Of Pontiac v. Secretary of U.S. Dept. of Educ., 584 F.3d 253, 265 (6th Cir. 2009)).

In the present case, National Fire states that The Premium Glass Company, Inc. ("Premium Glass"), an Ohio corporation, is a necessary party that Plaintiff failed to join. National Fire provides two reasons that Premium Glass is necessary: (1) the Plaintiff included Premium Glass in an earlier-filed state court action that was voluntarily dismissed without prejudice but concerned the same events at issue here, and (2) Premium Glass was an original party to the lease. National Fire points out that in the Plaintiff's state court action it joined Premium Glass; but, when bringing the current action before this Court the Plaintiff failed to join

5

Premium Glass.  Additionally, National Fire argues that Premium Glass is necessary because it is a party to the original lease.  Thus, for purposes of the Motion before the Court, the second part of Rule 19(a)(1)'s necessary party analysis is not relevant—as Premium Glass is not claiming an interest in the matter.  The analysis, then, must revolve around whether complete relief can be given among the existing parties.

National Fire correctly notes that Premium Glass is a party to the lease at dispute in the existing action.  Generally, parties to a lease are necessary for an action.  See National Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of South Carolina, Inc., 210 F.3d 246, 251–252 (4th Cir. 2000).  Yet, the courts have long held that meaningful relief can be granted even in the absence of certain parties that possess some type of interest in an action.  See, e.g., Cunningham v. Macon & B.R. Co., 109 U.S. 446, 456–457 (1883); Smith v. United Bhd. Of Carpenters, 685 F.2d 164, 166 (6th Cir. 1982) ("Ideally, all . . . parties would be before the court.  Yet Rule 19 calls for a pragmatic approach. . . . [T]he entire suit should not be dismissed if meaningful relief can still be accorded.").  Thus, the "essence of Rule 19 is to balance the rights of all those who interests are involved in the action." Glancy, 373 F.3d at 665.

Premium Glass is an Ohio corporation—complete with its own corporate filings, provided by National Fire in their brief, with the Ohio Secretary of State—that was a party to the lease at issue.  The original lease in this action was executed in 1994 between the Plaintiff and Thornton Art Glass, Inc.  Pl. Compl. Exh. A.  In 1999, Thornton Art Glass assigned the lease to Premium Glass.  Pl. Compl. Exh. B.  A 2006 Memo Agreement stipulated that Taylor Building would assume the "absolute right to manage, use, or sublet" the property for the benefit of its Premium Glass division.  Pl. Compl. Exh. D.  Premium Glass, then, is a party to the lease at question.  But as memorialized in an agreement between the Plaintiff and Taylor Building, Taylor Building became party to—and assumed control of—the lease at issue.  Further, the Plaintiff's Complaint alleges nothing against Premium Glass but specifically alleges breach and misconduct by the parent company Taylor Building.

For purposes of Rule 19, the initial burden rests with the moving party to establish that a party is necessary.  Boles, 468 F.2d at 478.  When the moving the party fails to meet that burden, dismissal under Rule 19 is not proper.  Id.  In the present case, National Fire articulates two reasons that Premium Glass is necessary: (1) its inclusion in the Plaintiff's state court action, and (2) it was a party to the lease and insurance contracts.  Neither reason articulated by National

Fire is persuasive. That Plaintiff chose to name Premium Glass as a defendant in an earlier suit does not make Premium Glass a necessary party here. That is, Plaintiff's earlier litigation decision as to who to name as a defendant is not a substitute or proxy for which parties are necessary under Rule 19(a)(1). The correct inquiry under Rule 19(a)(1) is whether the court can accord complete relief "between persons already parties" and not between a party and the absent person. Laethem Equipment Co., 485 Fed.Appx. at 44.

While the general rule is that a party to a lease is necessary, Rule 19 should be applied prudently and pragmatically so that entire suits are not dismissed if meaningful relief can still be accorded. In this case, the Plaintiff does not allege that Premium Glass breached the lease but that Taylor Building, which assumed the lease and is the parent of Premium Glass, breached the lease. Specifically, the Complaint alleges that it was Taylor Building who breached the lease by failing to return the property in suitable condition and by removing fixtures. The Complaint contains no allegations from which an inference could be drawn that Premium Glass participated in the alleged breaches or is otherwise liable for Plaintiff's loss, and National Fire has failed to demonstrate why Premium Glass's presence would be necessary for the court to accord complete relief. Similarly, the Complaint contains no allegations that support an inference that Premium Glass somehow participated in the alleged breaches of the insurance contracts or is otherwise liable for Plaintiff's loss.

The Court finds that meaningful relief can be accorded without Premium Glass and that Premium Glass is therefore not a necessary party for the purposes of Rule 19. Because Premium Glass is not a necessary party under Rule 19, joinder and further analysis are not necessary. See Local 670, 822 F.2d at 618.

### III. Conclusion

The Court notes that National Fire identified other alleged indispensable parties but did not support their assertion of indispensability with any argument or facts to satisfy its burden as the moving party. Accordingly, defendant's motion to dismiss (doc. 12) is DENIED.

s/ James. L. Graham
JAMES L. GRAHAM
United States District Judge